**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4641**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RIGOBERTO HERNANDEZ-SANCHEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.   Frank W. Bullock, Jr.,
District Judge.  (CR-04-475)

_____

Submitted:  January 11, 2006          Decided:  August 10, 2006

_____

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, Gregory Davis,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Anna Mills Wagoner, United States Attorney, Angela
Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Rigoberto Hernandez-Sanchez appeals his conviction and sixty-month sentence imposed following a guilty plea to illegal reentry into the United States, in violation of 8 U.S.C. §§ 1326(a), (b)(2) (2000). Hernandez-Sanchez's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues but stating that he finds no meritorious grounds for appeal.[*] We have reviewed the record and find no reversible error.

Hernandez-Sanchez asserts that the district court erred by failing to sustain his objection to a two-point increase in his criminal history calculation for committing the offense of illegal reentry into the United States while under a criminal justice sentence. The record reflects, however, that Hernandez-Sanchez was under a criminal justice sentence on the date he was "found in" the United States, August 8, 2004. See 8 U.S.C. § 1326(a)(2). We therefore find that the district court did not err in adding these points pursuant to U.S. Sentencing Guidelines Manual § 4A1.1(d) (2004), in the calculation of Hernandez-Sanchez's advisory guideline range. In addition, the district court did not err in declining to resolve an objection regarding one criminal history point from a disputed South Carolina conviction because that single

---

[*]The Government did not file an answering brief, and although advised of his right to do so, Hernandez-Sanchez did not file a pro se supplemental brief.

point did not affect Hernandez-Sanchez's Criminal History Category. Finally, the sixty-month sentence the district court imposed was reasonable. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Hernandez-Sanchez's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED